Irving H. Propper v. Commissioner.
Irving H. Propper v. Commissioner
Docket No. 32619.
United States Tax Court
1952 Tax Ct. Memo LEXIS 84; 11 T.C.M. (CCH) 942; T.C.M. (RIA) 52281; September 19, 1952
*84 Irving H. Propper, pro se. James H. Harper, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: A contested deficiency of $147.28 in income tax for 1948 is here involved. The only question for decision is whether taxpayer is entitled to a dependency credit for his father for that year. Findings of Fact Irving H. Propper, hereinafter called the taxpayer, is an individual residing at Miami, Florida. His return was filed with the collector for the district of Florida. An original return for 1948 on Form 1040 was filed by taxpayer showing a net income of $619 and no tax liability. On this return taxpayer claimed a dependency credit only for his mother. The return also showed a gross income of $2,311 and an adjusted gross income of $2,086. Total expenses of $1,467 were claimed. Subsequently an amended return was filed listing $450 additional income for which a withholding receipt was attached. In this return taxpayer claimed his father as well as his mother as dependents. Taxpayer's father was 68 years old in 1948 and received during that year $600 as a union pension. In addition, the father received $34.90 each *85 month as Social Security benefits. The father had no other income. During 1948 the taxpayer received loans from his brothers and sisters of $5 or $10 at a time which were repaid within a few weeks. Opinion Taxpayer, who is an attorney, handled his case in person. He was fully aware that the burden of proving his case rested with him. Nevertheless, the evidence adduced was wholly inadequate to meet that burden. Taxpayer was the only witness, aside from the attorney for the Commissioner, called by the taxpayer, whose testimony was irrelevant. He produced an inadmissible affidavit concerning his father's health. Much of taxpayer's own testimony dealt with his disputes with revenue agents and abortive attempts to settle the case. On the vital issues of whether the father's income was less than $500, and whether the amounts which taxpayer claimed he contributed to his father during 1948 actually were expended for the father's support, there is a critical lack of proof. Too, we are left in doubt as to whether taxpayer made contributions to his father in the claimed amounts. The taxpayer's own income was limited, as disclosed by his testimony and his income tax returns. Yet, he *86 claims his mother as a dependent (which claim the Commissioner allowed) and in addition claims to have given $1,200 to his father. The testimony concerning the reservoir of resources from which the taxpayer drew these contributions is nebulous. He says he borrowed in small amounts from brothers and sisters and repaid the borrowings shortly. He also states that certain United States Savings Bonds were cashed by him for that purpose. Documentary evidence of these transactions and other corroborative evidence is not to be found in the record. We have charitably studied the entire record in this case but must conclude that taxpayer has in no wise produced that degree of proof which would enable us to find the issues in his favor. Decision will be entered for the respondent.